FILED

E-FILED
Thursday, 24 May, 2007 04:04:26 PM
Clerk, U.S. District Court, ILCD

MAY 2 2 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

---

STEVEN P. HIBBERD,

     Plaintiff,

    vs.

                            Case No. _____

JOSEPH JENNINGS, OFFICER CRARY,
JAMES WATKINS, FORREST ASHBY,
JULIA VINCENT, PHILLIP POOL,
ROGER ZIMMERMAN, and, ROGER
WALKER,

     Defendants.

---

## MOTION FOR THE APPOINTMENT OF COUNSEL

NOW COMES the Plaintiff, STEVEN P. HIBBERD, and hereby respectfully requests this Honorable Court appoint an attorney to represent him, stating the following:

1) THE LAW LIBRARY AT TAYLORVILLE CORRECTIONAL CENTER IS CLOSED. The law library has been in peril since late 2005. It was completely closed for the majority of 2006 until staff from other institutions came to operate it on a random periodic basis. When open, access was only for one (1) hour per week, or, not all request for library access are answered. As of Monday, April 30th, 2007,

the law library is closed, and, on information, there have
not been any new librarians hired to operate the library.
As a result, plaintiff will be entirely unable to perform
research or otherwise litigate this case,

2) That plaintiff is without the funds in which to procure
counsel, as more particularly described in the Motion for
Leave to File and Proceed in Forma Pauperis.

3) That plaintiff has attempted to obtain representation from
numerous firms/attorneys, including Alan Mills of the
Uptown People's Law Center in Chicago, Loevy & Loevy
in Rockford, and Jenner and Block in Chicago. The
only attorney who responded was Alan Mills, who has
ample experience in cases like plaintiff's. See
Walters v. Edgar, 163 F. 3d 430 (7th Cir. 1998)(inmates'
right of access to court). Mr. Mills' letter expressed
interest in plaintiff's claims and sought permission to
share plaintiff's information with other attorneys. (See
attached letter) Although plaintiff authorized Mr. Mills
to do so, plaintiff never received any further
response from Mr. Mills despite approximately eight
follow-up letters over the course of 20 months.

4) That based on research plaintiff performed prior to
arriving at Taylorville, plaintiff believes case law
establishes that the complaint is meritorious on its
face. See Shaw v. Murphy, 532 U.S. 223 (2001)
(discussing whether a special First Amendment right exists

2

for prison litigators, finding that the <u>Turner</u> standards apply); <u>Wolf v. McDonald</u>, 418 U.S. 539 (1974)(four basic right afforded to prisoners in disciplinary actions); <u>Buise v. Hudkins</u>, 584 F.2d 223 (7th Cir. 1978); <u>Johnson v. Avery</u>, 393 U.S. 483 (1969); <u>Forbes v. Trigg</u>, 976 F.2d 308 (7th Cir. 1992)(Notice of policy must be given prior to sanctions for violating policy); <u>Harris v. Fleming</u>, 839 F.2d 1232 (7th Cir. 1988)(Retaliatory treatment for litigation); <u>Newell v. Sauser</u>, 64 F.3d 1416 (9th Cir. 1995)(First Amendment claim where inmate was disciplined for possessing other inmates' law papers despite existing rule authorizing the inmate to assist inmates).

5) That plaintiff will be unable to investigate crucial facts, in that:

   a) Plaintiff's claims involve the defendants barring him from, and disciplining him for, obtaining relevant information/evidence to support his complaints, including, but not limited to, inmates' names, their numbers, locations, and affidavits. Plaintiff will likely face such arbitrary actions in the litigation of this action.

   b) Plaintiff no longer resides at Western Illinois Correctional Center. Except for the Director, Roger Walker, all defendants and inmate witnesses are located at Western, have transferred to other institutions, or have paroled.

c) It is likely that the various inmate and staff witnesses will not give evidence against their jailer/employer to an ordinary inmate such as plaintiff.

6) That an attorney can better expose the truth of the defendant's malfeasance, in that, the evidence appended to the complaint supports that the defendants distort facts. An attorney can better use his skill and experience to weed out the truth.

7) Plaintiff believes that the case is sufficiently difficult and complex, whereby:

a) Evidence is likely to be withheld premised on security interests, which will take up time in litigation to sort out what evidence plaintiff will be allowed.

b) The various constitutional amendments will generate relevant legal questions not yet addressed by the Seventh Circuit.

c) After arriving at Taylorville, plaintiff learned that inmates are not allowed to assist others in legal matters, in contravention to Section 430.30 of the Administrative Code. This includes the possession of relevant legal documents to render assistance. In addition, the inadequacy of the law library at Western Illinois Correctional Center is not restricted to Western, as again, Taylorville's law library is virtually non-existent. Through the course of this action, it will become increasingly relevant to

4

other inmates, likely requiring class action certification.

8) An attorney will promote judicial economy.

Wherefore, plaintiff prays this Honorable Court will appoint counsel to represent him.

Respectfully submitted,

_Steven P. Hibberd_
Steven P. Hibberd

## VERIFICATION

I, Steven P. Hibberd, hereby verify under the penalty of perjury, that the statements and claims made in this motion are true and correct based on knowledge and belief

Executed On: _May 11, 2007_          _Steven P. Hibberd_
                                      Steven P. Hibberd

UPTOWN PEOPLE'S LAW CENTER
4413 NORTH SHERIDAN • CHICAGO, IL 60640
773 • 769 • 1411    FAX  773 • 769 • 2224

October 12, 2005

**_PRIVILEGED LEGAL COMMUNICATION_**

Mr. Steven Hibberd
B70027
Western Illinois Correctional Center
R.R. 4, P.O. Box 196
Mt. Sterling, Illinois  62353

Re:  **Retaliation/Access to the Courts**

Dear Mr. Hibberd:

We received your letter regarding the recent DR's you received for possessing legal work belonging to other prisoners.

It would appear that you have an excellent claim.  Three questions:  Did you get a response to your grievance (you do not include the final "response" page)?  Obviously, we can not bring a case until all administrative remedies have been exhausted.

Second, what happened with the second DR?  Did they in fact increase the penalties, as threatened?  I assume you will/have grieved that one as well.

Third, since you are obviously familiar with the law, do you have any thoughts on how we distinguish your claim from the case of Shaw v. Murphy, 532 U.S. 223, which held that there was no constitutional right to assist other prisoners?

Just to be clear, we are not committing to represent you in this matter. We are interested, and (depending on your answers) would be willing to circulate your case to other attorneys who have expressed interest in taking on pro bono cases.  Let us know if we have your permission to release your information in this manner.

Sincerely,

Alan Mills

AM:es