UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, #B-70027, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07-3131 |
| ) | |
| JOSEPH JENNINGS, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER

NOW COME the Defendants, ROGER WALKER, JR., FORREST ASHBY JOSEPH JENNINGS, JULIA VINCENT, PHILIP CRARY, JAMES WATKINS, ROGER ZIMMERMAN and PHILLIP POOL, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file their Answer. In support thereof, Defendants state as follows:

1. Defendants admit the allegations in this paragraph.

2. Defendants admit the allegations in this paragraph.

3. Defendants admit the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph.

5. Defendants admit the allegations in this paragraph.

6. Defendants admit the allegations in this paragraph.

7. Defendants admit the allegations in this paragraph.

8. Defendants deny the allegations in this paragraph. Roger Zimmerman was warden at Western Illinois Correctional Center from February 1, 2006, through May 16, 2007.

9. Defendants admit the allegations in this paragraph.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Defendants admit the allegations in this paragraph.

12. Defendants admit the allegations in this paragraph.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendants that Plaintiff and other inmates were searched on their way to the library on July 25, 2005. Defendants are without knowledge or information sufficient knowledge or information sufficient to form a belief as to the allegations in the balance of this paragraph.

16. Defendants Jennings and Crary admit that Defendant Crary confiscated from Plaintiff legal materials belonging to five other inmates. Defendants Jennings and Crary are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of the inmates whose legal documents Plaintiff had. Defendants Jennings and Crary deny the allegations in the balance of this paragraph. Defendants Walker, Ashby, Vincent, Watkins, Pool and Zimmerman admit legal documents belonging to other inmates were confiscated from Plaintiff. Defendants Vincent, Watkins, Pool and Zimmerman are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

17. Defendants Jennings and Crary admit that after Plaintiff was found in possession of other inmates' legal documents, they left the library to search Plaintiff's property in his cell. Defendants Jennings and Crary are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

Defendants Walker, Ashby, Vincent, Watkins, Pool and Zimmerman are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Defendants Jennings and Crary admit that Plaintiff remained in the library while they searched Plaintiff's property in his cell, and that they located more of other inmates' legal documents in Plaintiff's property. Defendants Jennings and Crary are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph. Defendants Walker, Ashby, Vincent, Watkins, Pool and Zimmerman are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Defendants Jennings and Crary admit that they returned to the library after they finished searching Plaintiff's cell. Defendants Jennings and Malone are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph. Defendants Walker, Ashby, Vincent, Watkins, Pool and Zimmerman are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Defendants admit the allegations in this paragraph.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants admit the allegations in this paragraph.

24. Defendants deny that the library services at Western are inadequate.

a. Defendants admit that Michelle Olsen is the library associate and that she is not a trained paralegal. Defendants deny the allegations in the balance of this subparagraph.

b. Defendants deny the allegations in this subparagraph.

c. Defendants deny the allegations in this subparagraph.

d. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this subparagraph.

e. Defendants deny the allegations in this subparagraph.

f. Defendants deny the allegations in this subparagraph.

g. Defendants admit law clerks are not attorneys and are not entirely familiar with conducting research or challenging criminal convictions.

h. Defendants admit most inmates are not trained in the law and that some inmates are illiterate and some are mentally challenged.

i. Defendants deny the allegations in this paragraph.

j. Defendants admit that the prison does not train its inmates on conducting their own legal research or how to draft legal documents.

k. Defendants deny the allegations in this paragraph.

l. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

m. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

n. Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny that there is no rule that put Plaintiff on notice that he could not possess other inmates' legal documents. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendants admit the allegations in this paragraph.

29. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

30. Defendants admit that Plaintiff appeared before Adjustment Committee members Vincent and Ashby on July 29, 2005, that he pleaded not guilty, and that he admitting to having in his possession legal documents of several other inmates. Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding the identity of the inmates whose legal documents Plaintiff possessed. Defendant Pool denies the allegations in the balance of this paragraph. Defendants Walker, Ashby, Watkins, Vincent, Zimmerman, Jennings and Crary are without knowledge or information sufficient to from a belief as to the allegations in the balance of this paragraph.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Defendants deny the allegations in this paragraph.

33. Defendants admit that Plaintiff was found guilty of the offense with which he was charged based on Plaintiff's admissions that he possessed the legal documents of other inmates so he could do their legal work. Defendants admit that the Adjustment

5

  Committee recommended that Plaintiff be demoted to C-grade for a month and that the contraband be disposed of. Defendants deny the allegations in the balance of this paragraph.

34.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.  Defendants admit that Plaintiff filed a grievance that is dated August 18, 2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that he filed it on that date.

36.  Defendants admit that this is the language attributed to 20 Ill. Admin. Code 504.80(b) is included in this section of the Code. Defendants deny that this section is quoted in its entirety. Defendants admit that the grievance form instructs inmates to attach a copy of pertinent documents. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

37.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.  Defendants admit that on October 2, 2005, Defendant Watkins confiscated legal documents from five other inmates and approximately 75 sheets of thick paper after a search of Plaintiff's cell. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

40.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. Defendants admit the allegations in this paragraph. Defendant deny the allegations in the footnote.

42. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

43. Defendants admit that Plaintiff appeared before Adjustment Committee members Vincent and Ashby on October 6, 2005, and that he pleaded not guilty. Defendants deny the allegations in the balance of this paragraph.

44. Defendants Vincent and Ashby admit that they took notice of Plaintiff's previous charges of possessing legal property belonging to other inmates. Defendants Vincent and Ashby deny the allegations in the balance of this paragraph. Defendants Walker, Watkins, Pool, Jennings, Crary, and Zimmerman are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

45. Defendants Vincent and Ashby deny the allegations in this paragraph. Defendants Walker, Watkins, Pool, Jennings, Crary, and Zimmerman are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46. Defendant admit the hearing ended. Defendants Vincent and Ashby deny the allegations in this paragraph. Defendants Walker, Watkins, Pool, Jennings, Crary, and Zimmerman are without knowledge or information sufficient to form a belief as to the allegations in the balance of this paragraph.

47. Defendants admit that 20 Ill. Admin. Code 504.80(f)(1) allows the offender to make relevant statements or produce relevant documents. Defendants deny the allegations in the balance of this paragraph.

48. Defendants admit that no rule contravenes 504.810(b). Defendants deny that an inmate's rights to gather and present evidence is unfettered.

49. Defendants admit the allegations in this paragraph.

50. Defendants admit that Plaintiff was found guilty of contraband.unauthorized property and to a reduced charge of violating Rule 60 of the Inmate Orientation Manual. Defendants admit that Record of Proceedings are documents as Plaintiff alleges. Defendants deny that allegations in the balance of this paragraph present the Basis for Decision in its entirety.

51. Defendant admit that the Adjustment Committee recommended that Plaintiff be demoted to C-grade for a month and that the contraband be destroyed.

52. Defendants deny the allegations in this paragraph.

53. Defendants admit that this language is included in 504.80(k)(4). Defendants deny that this paragraph states the contents of this section in its entirety.

54. Defendants admit the allegations in this paragraph.

55. Defendants admit the allegations in this paragraph.

56. Defendants admit that Rule 60 of the Inmate Orientation Manual states that inmates "may not be involved or attempt to involve others in trafficking of contraband. Inmates may not give, loan, trade or receive *anything* from another inmate." (Emphasis original.) Defendants admit that 20 Ill. Admin. Code 504 also prohibits trading and trafficking.

57. Defendants deny the allegations in this paragraph.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Defendants admit the allegations in this paragraph.

60. Defendants admit that the grievance officer recommended that Plaintiff's grievance be denied in December 6, 2005, that the warden's office concurred in the recommendation on December 8, 2005, and that Plaintiff appealed his grievance to the ARB. Defendants deny the warden's office denied the grievance on December 6, 2005.

61. Defendants admit that the Director's office denied Plaintiff's appeal.

62. Defendants deny the allegations in this paragraph.

63. Defendants deny the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph.

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph.

68. Defendants deny the allegations in this paragraph.

69. Defendants deny the allegations in this paragraph.

70. Defendants deny the allegations in this paragraph.

71. Defendants deny the allegations in this paragraph.

72. Defendants deny the allegations in this paragraph.

73. Defendants deny the allegations in this paragraph.

74. Defendants deny the allegations in this paragraph.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

## **GENERAL DENIAL**

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. At all times relevant herein, defendant acted in good faith in the performance of his official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

2. Plaintiff has failed to exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. 1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

        Respectfully submitted,

        ROGER WALKER, JR., FORREST ASHBY, JOSEPH JENNINGS, JULIA VINCENT, PHILIP CRARY, JAMES WATKINS, ROGER ZIMMERMAN and PHILLIP POOL,

        Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois,

        By:   s/Heidi Hildebrand
             Heidi Hildebrand, #6270905
             Attorney for Defendants
             500 South Second Street
             Springfield, Illinois 62706
             Phone: (217) 557-0261
             Fax: (217) 782-8767
             hhildebrand@atg.state.il.us

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, #B-70027, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 07-3131 |
| | ) |
| JOSEPH JENNINGS, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2007, I electronically filed with the Clerk of the Court Defendants' Answer using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on September 24, 2007, I mailed by United States Postal Service, the document to the following non-registered participant:

Steven P. Hibberd, B-70027
Taylorville Correctional Center
Route 29 South
PO Box 900
Taylorville, Illinois 62568

Respectfully submitted,

By:  s/Heidi Hildebrand
 Heidi Hildebrand, #6270905
 Attorney for Defendants
 500 South Second Street
 Springfield, Illinois  62706
 Phone:  (217) 557-0261
 Fax:  (217) 782-8767
 hhildebrand@atg.state.il.us