

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, B70027<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH JENNINGS, et al.,<br><br>Defendants. | No. 07-3131<br><br>Honorable<br>Harold Baker<br>District Judge Presiding |

FILED
NOV 07 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### MOTION FOR ORDER DIRECTING PRISON OFFICIALS TO PERMIT PLAINTIFF TO CORRESPOND/COMMUNICATE WITH INMATE WITNESSES FOR LIMITED PURPOSE OF OBTAINING AFFIDAVITS

Plaintiff, Steven P. Hibberd, through his own person, hereby moves this court for an order directing Illinois Department of Corrections officials to permit him to correspond or otherwise communicate with inmate witnesses for the limited purpose of obtaining affidavits. In support thereof, plaintiff states as follows:

1) That plaintiff currently resides at Taylorville Correctional Center, under the custody and control of Warden Greg Sims.

2) That following the discovery stage the defendants are surely to move for summary judgment and support the motion with affidavits from themselves and other prison officials.

1

3) That plaintiff recognizes the necessity of responding to any summary judgment motion with counter affidavits that contradict the affidavits submitted in the motion to demonstrate that there is a genuine issue of material fact which will preclude summary judgment. Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir. 1982).

4) That plaintiff has cause to believe that prison officials may interfere with his ability to communicate with other prisoners for the limited purpose of obtaining counter affidavits, all of whom are assigned to other institutions or have been released on mandatory supervised release.

5) That while plaintiff is aware of the identities of many of the inmate witnesses, there are numerous inmate witnesses whose full identities are not known to plaintiff. Only prison officials know of their identities and locations of the inmate witnesses, and, plaintiff has cause to believe that prison officials may interfere with his ability to discover their identities and locations.

6) That plaintiff also has cause to believe that a policy exists that allows inmates to communicate with one another to obtain affidavits, however, Taylorville officials are unaware of such a policy. After thorough research plaintiff has been unable to locate any such policy which

places an inmate on notice of how to go about obtaining necessary affidavits from inmate witnesses.

7) Defendants will not be prejudiced by allowing plaintiff to communicate with other inmates for the limited purpose of obtaining affidavits since counter affidavits are necessary to the resolution of the case.

8) The granting of this motion will allow plaintiff a reasonable opportunity to obtain counter affidavits, and, may curtail the need for continuances after being served with a summary judgment motion.

9) Plaintiff has attached a Declaration in support of this motion, with an exhibit from the case of Moro v. Winsor, et al., No. 05-452-JPG.

WHEREFORE, plaintiff prays this court will grant this motion for the reason stated, or order any such action deemed appropriate.

Respectfully submitted

*Steven P. Hibberd*
Plaintiff pro-se

Steven P. Hibberd
Reg. No. B70027
Taylorville Correctional Center
P.O. Box 900
Taylorville, Illinois 62568

page 1 of 5

# DECLARATION

I, Steven P. Hibberd, hereby declare under the penalty of perjury the following:

1) That the allegations supporting the Civil Rights Complaint occurred while at Western Illinois Correctional Center. I currently reside at Taylorville Correctional Center.

2) That I am seeking an order of the court to communicate with other prisoners for the sole purpose of obtaining affidavits because the allegations supporting the Civil Rights Complaint involve prison officials threatening me with disciplinary action if I were to possess another inmate's name, number, or legal work, and later confiscating original inmate statements supporting a then-pending grievance. I was then charged with Contraband/Unauthorized Property, and disciplined for merely possessing them. (Complaint paras. 19, 29, 37, 39-41, 43-46, 50-51) The Defendants admit in their Answer that the confiscated legal documents were ordered "destroyed" as part of the discipline. (Defs. Ans. para. 51) I intended to retain the original inmate statements to support the present civil litigation.

1

page 2 of 5

3) That in another pending case, an inmate sought the appointment of counsel. The plaintiff, John Moro No. B80245 of Taylorville C.C., explained to the Court that he has been unable to secure an affidavit from a fellow inmate that he needs to substantiate his case. The plaintiff indicated that when he attempted to obtain the affidavit he was threatened with discipline. The Court, Magistrate Judge Proud, considered plaintiff's position and stated "knowledge gleaned from hundreds of other cases litigated by prisoners suggest that there is a procedure by which a prisoner's affidavit can be obtained by relaying it through the prison law librarian and/or law clerks." (Order from <u>Moro v. Winsor</u>, No. 05-452-JPG, Oct. 24, 2007 attached hereto)

4) That on October 31, 2007, in my presence, inmate Moro inquired to Taylorville Library Associate W. Henson whether he was aware of any such policy. Mr. Henson responded that he did not, and, in my presence, placed a call to Assistant Warden Anthony Suggs. Mr. Henson relayed that Assistant Warden Suggs was also unaware of any such policy.

2

page 3 of 5

5) That I then spoke to Taylorville inmate law clerk ~~Scott~~ S.H. / Chad Walls and he too responded that he was unaware of any such policy.

6) That I researched the available Department Rules, institutional memoranda, and institutional rules provided to inmates in the Taylorville law library and have been unable to locate any such policy or procedure for inmates. The only rule I have encountered is Department Rule 430.30 providing "Committed persons may assist one another in the preparation of legal documents to the extent consistent with institutional security."

7) Taylorville Correctional Center also maintains similar policies as Western that prohibit inmates from possessing another inmate's legal paperwork and information regardless of the legitimacy of the activity. (It may be arguable whether the inmate affidavits belong to the inmates who signed them, or, to the inmate who submits them in support of a complaint or pleading). Nonetheless, the prior threat, adverse actions by the defendants, and policies at Taylorville impact my ability to effectively litigate this case without court intervention. I remain in fear of disciplinary action just for continuing to possess relevant

3

page 4 of 5

documents and information (such as the attached order in the Moro case, the documents appended to the Complaint, and names of inmate witnesses listed in paragraph 8 of this affidavit/declaration), and continuing to obtain information relevant to litigation.

8) That at this point I know of the following inmates' identities, but not their locations, who can provide material information to counter the defendants' inevitable summary judgment motion. Only prison officials know of their locations and can disclose the same.

    Walter Malone      B01851
    Jeffrey Estrada    N12749
    Daniel Escobedo    N43563
    Marvin Greer       B72474
    Shad Hammond       K53658
    Tyrone Powells     R20864
    Jefferson Coleman  A51378
    Antoine Hibler     B45991
    Mile Barnes        N33377

9) That during the course of discovery I intend to seek the defendants to disclose the identities and locations of other inmate witnesses who can provide material information to counter the defendants inevitable motion for summary judgment.

Page 5 of 5

I, Steven P. Hibberd, hereby declare the foregoing to be true and correct under the penalty of perjury.

Executed on November 5, 2007

*Steven P. Hibberd*
Steven P. Hibberd
Plaintiff, pro-se

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN MORO, #B80245, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-452-JPG |
| ANGELA WINSOR, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's motion to supplement his motions for appointment of counsel with additional information. **(Doc. 42)**. Plaintiff explains in relevant part that he has been unable to secure an affidavit from a fellow inmate that he needs to substantiate his case. Plaintiff indicates that when he attempted to obtain the affidavit he was threatened with discipline.

The subject motion **(Doc. 42)** is **GRANTED**, in that the Court has considered the aforementioned additional difficulties described by plaintiff. However, knowledge gleaned from hundreds of other cases litigated by prisoners suggests that there is a procedure by which a prisoner's affidavit can be obtained by relaying it through the prison law librarian and/or law clerks. Plaintiff should inquire of prison officials about the proper procedure. This additional information does not alter the Courts conclusion (set forth in a separate order) that appointed counsel is not merited.

**IT IS SO ORDERED.**

**DATED: October 24, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

STEVEN P. HIBBERD, # B70027
Plaintiff,

vs.

JOSEPH JENNINGS,
Defendants.

No. 07-3131

Honorable
Harold Baker
District Judge Presiding

FILED
NOV 07 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## NOTICE OF FILING

To: Heidi Hildebrand, Assistant Attorney General, 500 South Second St., Springfield Illinois 62706

PLEASE TAKE NOTICE that I have caused to be filed on November 5, 2007 in the Office of the Clerk for the Central District of Illinois an original and two copies of a "Motion for Order Directing Prison Officials to Permit Plaintiff to Correspond/Communicate With Inmate Witnesses for Limited Purpose of Obtaining Affidavits" by sealing the same in an envelope, addressed, and given to the correctional officer responsible for legal mail at Taylorville Correctional Center.

_____
Steven P. Hibberd

## CERTIFICATE OF SERVICE

I, Steven P. Hibberd, hereby certify under the penalty of perjury that I have served the above named attorney with one copy of the named motion by United States Mail at Taylorville Correctional Center.

Executed on November 5 2007

_____
Steven P. Hibberd