E-FILED
Thursday, 27 December, 2007 02:31:26 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, #B-70027 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-3131 |
| | ) |
| JOSEPH JENNINGS, et al., | ) |
| | ) |
| Defendants. | ) |

FILED
DEC 27 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION

NOW COMES the Plaintiff, STEVEN P. HIBBERD, pro se, and in accordance with Local Court Rule 16.3(H), hereby responds to Defendant's motion for clarification, and states as follows:

1) The premise of Plaintiff's motion to communicate with inmate witnesses was to obtain material information relative to the pending action.

2) The Court then asked Plaintiff what questions he wanted to ask the inmate witnesses. Plaintiff responded with several questions. Of those questions, Plaintiff wanted to ask the inmate witnesses to verify that photocopies of statements Plaintiff appended to his Civil Rights Complaint were photocopies of documents signed by them. In other words, Plaintiff wanted the signers

1

of the statements to authenticate them.

3) Plaintiff recalls that the Court instructed the Clerk to mail to the Defendant's attorney copies of the inmate statements that were appended to the Complaint on record. In addition, the Court instructed Plaintiff how to draft the questions, by writing out the "Interrogatory" and providing a line for the respective answer.

4) Defense counsel has objected to facilitating Plaintiff's discovery with his witnesses citing that, a) interrogatories can only be directed to parties; b) the inmate witnesses are scattered among five different prisons and that responding to Plaintiff's interrogatories "will tie up the services of five different counselors; and, c) that only the interrogatory regarding whether they signed their affidavits is relevant to whether Defendants violated his constitutional rights. Plaintiff responds in the following paragraphs.

5) Federal Rule of Civil Procedure 16(c)(12) authorizes a court to take appropriate action with respect to "the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Rule 16(c)(16) also provides a court to take appropriate action with respect

to "such other matters as may facilitate the just, speedy, and inexpensive disposition of the action." The Court has exercised that authority in Plaintiff's unique situation. Also, the Court's use of the term "interogatory" at the November 16, 2007 hearing was not objected to by Defense counsel. Finally, irregardless of the title Plaintiff assigned to his pleading ("Plaintiff's First Interogatories"), the content is controlling and was made according to the Court's instructions to Plaintiff.

6) Plaintiff wrote for each inmate three questions; some were worded slightly different, but were all consistent, as follows:

   a) Is the document attached to these interogatories titled as "Statement of [the inmate-witness]," a photocopy of a document signed by you on July 26, 2005?

   b) Were you ever issued a disciplinary report charging you with any offense pertaining to the attached Statement of [the inmate-witness]?

   c) Were you ever issued a Shakedown Record/ Confiscated Contraband Report (a "Shakedown Slip") from any employee indicating that the original document titled as "Statement of [inmate-witness]" was confiscated by prison officials?

Plaintiff attached a photocopy of the witnesses' statements that he sought the inmate-witness to authenticate, and, signed and dated his three questions. (For

3

reference Plaintiff has included with this Response "Plaintiff's First Interrogatories to Witness Walter Malone # B01851")

7) Although the Court and parties spent the most time on how to facilitate the communication between Plaintiff and the inmate-witnesses, the Court did not expressly limit the scope of communication to a single question, presumably because the Court was aware from asking Plaintiff what questions he wanted that he intended to pose more than one.

8) Aside from the question pertaining to whether the particular inmate-witness signed the statement, the other two questions in fact do bear relevancy to whether Defendants violated Plaintiff's constitutional rights. Plaintiff has made claims of retaliation, pursuant to the Court's Case Management Order and Merit Review. (Doc. #8) Defendants admit in their Answer that Plaintiff was written a disciplinary report charging him with Contraband/Unauthorized Property for possessing legal material from other inmates. (Ans. para. 41) Plaintiff also alleged that none of the inmates who provided him with the statements were ever charged with Trading or Trafficking the legal material to him. (Cpt. para. 58).

9) However, Part 501C, Section 501.230(d) and (e) of the Illinois Department of Corrections Rules provides, in short, that if it is determined that unauthorized

4

property belongs to another committed person other than the inmate who possessed it, the property shall be returned to the owner or the owner shall be permitted to dispose of the property. But the Defendants admit in their Answer to having destroyed the property as part of the sanctions imposed on Plaintiff. (Ans. para. 51) The failure to return the material to the purported owners, issue them a property receipt/shakedown slip after concluding the property was theirs, or charge them with disciplinary offenses for signing or supplying the statements to Plaintiff lends significant support that Plaintiff was singled out for his litigation activities and use of the statements against Department of Correction officials. See Farid v. Goord, 200 F. Supp. 2d 220, 238 fn. 9 (W.D.N.Y. 2002)(in a retaliation-case, court found troubling that another involved inmate was not charged with a violation of prison rules, evidencing that to some extent defendants singled out the plaintiff for adverse treatment).

10) Plaintiff's three questions posed to each inmate witness are minimal and do not require an essay answer. It is unlikely, and unreasonable to believe, that having the inmate witnesses consider the two additional questions will "tie up" the correctional counselors or expend resources beyond what has found to be necessary by the Court to resolve Plaintiff's allegations that the Defendants violated his constitutional rights.

5

11) It should be recognized that, upon the Court's inquiry, Plaintiff stated that he would be able send the proposed questions for each inmate to Defense counsel on November 26, 2007. The Court instructed that Defense Counsel had 30 days after receiving the questions to get them to the respective inmates. Plaintiff in fact did send the questions to Defense Counsel on November 26, 2007. Defense counsel then filed the Motion for Clarification on December 21, 2007, near the due date for the questions to be presented to the inmate. Defense counsel's motion is unreasonable when ample time for objection was given at the hearing.

Respectfully submitted,

_Steven P. Hibberd_
Steven P. Hibberd
Plaintiff, pro se

Steven P. Hibberd
Reg. No. B70027
Taylorville Correctional Center
P.O. Box 900
Taylorville, Illinois 62568

```
              IN THE
UNITED STATES DISTRICT COURT FOR THE
       CENTRAL DISTRICT OF ILLINOIS
```

STEVEN P. HIBBERD, #B-70027    )
                               )
        Plaintiff,             )
                               )
        vs.                    )    Case No. 07-3131
                               )
JOSEPH JENNINGS, et al.,       )
                               )
        Defendants.            )

### PLAINTIFF'S FIRST INTERROGATORIES TO WITNESS WALTER MALONE #B01851

Pursuant to Rule 31 of the Federal Rules of Civil Procedure, and the Order of the District Court entered on November 16, 2007, plaintiff requests that witness Walter Malone answer the following interrogatories:

1) Is the document attached to these interrogatories, titled as "Statement of Walter Malone," a photocopy of a document signed by you on July 26, 2005?

   _____
   _____
   _____

2) Were you ever issued a disciplinary report charging you with any offense pertaining to the attached Statement of Walter Malone?

   _____
   _____
   _____

1

3)  Were you ever issued a Shakedown Record/Confiscated Contraband Report (a "Shakedown Slip") from any employee indicating that the original document titled as "Statement of Walter Malone" was confiscated by prison officials?

_____
_____
_____

_____         _____
Date                                    Walter Malone, #B01851

November 26, 2007                       *Steven P. Hibberd #B70027* (signature)
                                        Steven P. Hibberd, #B70027


Steven P. Hibberd
Reg. No. B70027
Taylorville Correctional Center
P.O. Box 900
Taylorville, Illinois 62568

PLAINTIFF, pro-se

2

STATE OF ILLINOIS )
                  ) SS
COUNTY OF BROWN   )

Page 1 of 2

## STATEMENT OF WALTER MALONE

I, Walter Malone, hereby state pursuant to Section 1-109 of the Code of Civil Procedure, that the following is true and correct, under the penalty of perjury:

On July 25, 2005, I had a call pass to the law library at Western Illinois Correctional Center for 9am. I walked over there with Inmate Steven Hibberd, who also had a call pass to the law library for the same time. After we both entered the library, Officer Crary entered and told us that he wanted to shake us down. Officer Crary first patted me down, then went through my legal material I brought with me. Then, Officer Crary patted Hibberd down. While this occurred, I went into the law library. After a few minutes, Officer Jennings yelled for me to come back. Officer Jennings first asked me if I was at the law library to "make it look good" so Hibberd could work on my case. I told Officer Jennings that I was on a legal deadline and research my case. Officer Jennings then asked me why Hibberd had my Appellate Briefs, and I told him that I wanted Hibberd to read them and give me his opinion. Officer Jennings then gave my briefs and stated "Mr. Hibberd thinks he's a lawyer, but he's not. Don't give these to him again." I then walked back into the law library while Officer Crary, Officer Jennings, and Hibberd remained in the library. Approximately 40 minutes later or so

Statement of Walter Malone                                          Page 2 of 2

Officer Jennings and Officer Crary returned to the library. Hibberd and I were at the counter and I observed Officer Jennings had a thick manilla envelope which was mine. Officer Jennings told me that they got the envelope from Hibberd's cell, and told Hibberd that they were returning it to me. While I stood there, Officer Jennings told Hibberd that from July 25, 2005 on out that he could "not possess another inmate's name, number, or legal work." Hibberd said "okay."

    I have an immensely difficult time working on my criminal case and am on a strict deadline to file a petition for leave to appeal in the Illinois Supreme Court. I personally sought Hibberd out observing that, although he never purported to me to be an attorney, he had a substantial amount of experience in law and procedure. Hibberd has been invaluable in helping me to this point, and not once has he ever asked me for any gratuities. I fear that I may not make my deadline now because of what Officer Jennings and Officer Crary told me.

    I have not received any disciplinary report regarding the aforementioned.    END STATEMENT

    I, Walter Malone, hereby state pursuant to Section 1-109 of the Code of Civil Procedure that the aforementioned is true and correct, under the penalty of perjury

_July 26, 2005_                                          _Walter Malone_ B01851
Dated                                                    Walter Malone
                                                         Reg. No. B01851

IN THE
UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, #B70027, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 07-3131 |
| JOSEPH JENNINGS, et. al., ) | |
| Defendants. ) | |

## NOTICE OF FILING

To: Heidi Hildebrand, Attorney for Defendants, 500 South Second St., Springfield, Illinois 62706

PLEASE TAKE NOTICE that I have caused to be filed in the Office of the Clerk for the Central District the original and two copies of Plaintiff's Response to Defendant's Motion for Clarification, by sealing the same in envelopes and given to the correctional officer responsible for legal mail, to be deposited in the United States Mail, on the 24 day of December, 2007.

Steven P. Hibberd

## CERTIFICATE OF SERVICE

I, Steven P. Hibberd, hereby certify under the penalty of perjury, that I have served the above named attorney a copy of Plaintiff's Response to Defendant's Motion for Clarification by depositing the same in the United States Mail on the 24 day of December, 2007.

December 24, 2007
Executed

Steven P. Hibberd

Steven P. Hibberd, #B70027
Taylorville Correctional Center
P.O. Box 900
Taylorville, Illinois 62568