E-FILED
Friday, 20 June, 2008 02:38:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

FILED
JUN 2 0 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07-3131 |
| JOSEPH JENNINGS, et al., | ) |
| Defendants. | ) |

### MOTION FOR LEAVE TO AMEND COMPLAINT

The Plaintiff, Steven P. Hibberd, pro-se, hearby moves this Court, pursuant to Rule 15a of the Federal Rules of Civil Procedure, for an order granting leave to amend the pending §1983 Civil Rights Complaint. In support thereof, plaintiff states as follows:

1) On July 18, 2007, the Clerk of the District Court filed plaintiff's complaint. The complaint is hand written and consist of 31 actual pages, with 55 additional pages of exhibits. Although the complaint set forth 10 claims, the Court simplified said claims into one claim through the July 2, 2007 Case Management and Merit Review Order.

2) Defendants filed their ANswer on September 24, 2007, and thereafter plaintiff filed a motion to communicate with inmate witnesses to which a hearing was held on November 16, 2007. During said hearing, the Court alluded that Plaintiff's complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure.

1

3) Plaintiff's proposed amended complaint is typed, consisting of a maximum of 13 pages, without exhibits appended. Although the Seventh Circuit has held that a chronology of facts is not necessary to satisfy the notice pleading requirement of Rule 8(a)(2) of the Federal Rules (Higgs v. Carver, 286 F.3d 437, 439 (2002)), plaintiff beleives it prudent to set forth his claims through a chronology of events whereby in the aggregate, would state valid constitutional claims. (First Amended Complaint attached hereto)

4) Plaintiff has continued to raise the claim as defined by the Court in its Merit Review, but, has added an additional claim pertaining to procedural due process. The proposed amended complaint has not added any new facts not contained in the original pending complaint, but rather contains those facts from the original complaint beleived necessary to establish the claims raised.

5) The Defendants will not be prejudiced by allowing the proposed amended complaint to be filed.

WHEREFORE, plaintiff prays this Court will grant leave to amend the pending §1983 Civil Rights Complaint.

Respectfully submitted,

Steven P. Hibberd
Plaintiff, Pro-se

2

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 07-3131 |
| | ) |
| JOSEPH JENNINGS, et al., | ) |
| | ) |
| Defendants. | ) |

NOTICE OF FILING

To: Heidi Hildebrand, Assistant Attorney General, #6270905, 500 South Second St., Springfield, Illinois 62706

PLEASE TAKE NOTICE that on June 18, 2008, I placed an original and a copy of a Motion for Leave to Amend Complaint in the United States Mail at Taylorville Correctional Center, to be filed in the Office of the Clerk of the Central District Court, a copy of which is hereby served upon you.

_____
Steven P. Hibberd

PROOF OF SERVICE

I, Steven P. Hibberd, hereby state under the penalty of perjury that I have served one copy of a Motion for Leave to Amend Complaint on the above named attorney by depositing the same in the United States Mail at the Taylorville Correctional Center on June 18, 2008.

June 18, 2008                                _____
Executed on                                  Steven P. Hibberd


Steven P. Hibberd
Reg. No. B70027
Taylorville Correctional Center
P.O. Box 1000
Taylorville, Illinois 62568

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. HIBBERD,<br><br>    Plaintiff,<br><br>      vs.<br>JOSEPH JENNINGS, PHILLIP CRARY,<br>JAMES WATKINS, FORREST ASHBY,<br>JULIA VINCENT, PHILLIP POOL,<br>ROGER ZIMMERMAN, and ROGER<br>WALKER, JR., each in their<br>individual and official<br>capacities,<br><br>    Defendants. | No. 07-3131<br><br>**JURY TRIAL DEMAND** |

### FIRST AMENDED CIVIL RIGHTS COMPLAINT

The Plaintiff, STEVEN P. HIBBERD, complains against Defendants Joseph Jennings, Phillip Crary, James Watkins, Forrest Ashby, Julia Vincent, Phillip Pool, Roger Zimmerman, Roger Walker as follows:

### JURISDICTION AND VENUE

1) Jurisdiction is proper in the district court pursuant to 28 U.C.S. §§ 1331 and 1343 because the allegations in this complaint present a federal question.

2) Venue is appropriate under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred at Western Illinois Correctional Center, Mount Sterling, Illinois, which is located within the United States District Court for the Central District of Illinois.

## PARTIES

3) Plaintiff, Steven P. HIbberd ("Hibberd") is an individual residing in the State of Illinois, and was an inmate assigned to Western Illinois Correctional Center in Mt. Sterling, Illinois at all times relevant to this complaint.

4) Defendant, Joseph Jennings, was at all times relevant to this complaint, employed by the Illinois Department of Corrections and was an Internal Affairs agent at Western Illinois Correctional Center, acting under color of law.

5) Defendant, Phillip Crary, was at all times relevant to this complaint, employed by the Illinois Department of Corrections and was an Internal Affairs agent at Western Illinois Correctional Center, acting under color of law.

6) Defendant, James Watkins, was at all times relevant to this complaint, employed by the Illinois Department of Corrections as a correctional officer at Western Illinois Correctional Center, acting under color of law.

7) Defendant, Forrest Ashby, was at all times relevant to this complaint, employed by the Illinois Department of Corrections as a lieutenant and member of the Adjustment Committee at Western Illinois Correctional Center, acting under color of law.

8) Defendant, Julia Vincent, was at all times relevant to this complaint, employed by the Illinois Department of Corrections as a counselor and member of the Adjustment Committee at Western Illinois Correctional Center, acting under color of law.

9) Defendant, Phillip Pool, was at all times relevant to

this complaint, employed by the Illinois Department of Corrections as a member of Leisure Time Services and the Adjustment Committee at Western Illinois Correctional Center, acting under color of law.

10) Defendant, Roger Zimmerman, was employed by the Illinois Department of Corrections as the warden of Western Illinois Correctional Center from February 1, 2006 through May 16, 2007 acting under color of law.

11) Defendant, Roger Walker, Jr., was at all times relevant to this complaint, the Director of the Illinois Department of Corrections, acting under color of law.

## FACTS

12) In April of 2005 Hibberd instituted a federal civil rights action in the Northern District of Illinois, Western Division, alleging that various Illinois Department of Corrections officials violated his constitutional rights. On Monday, July 18, 2005, the Court issued summons to the named defendants.

13) Then, the following Monday, July 25, 2005, Hibberd was intercepted on his way to the law library by defendant Crary and defendant Jennings. Defendant Crary then searched Hibberd, and confiscated from him legal documents belonging to inmates Walter Malone, Jeffrey Estrada, Daniel Escobedo, and Marvin Greer. Defendant Jennings identified Hibberd and stated that he (Hibberd) likes to file lawsuits against DOC and do legal work for other inmates.

14) Both defendants then left the library and searched Hibberd's assigned cell, during which they confiscated more legal material belonging to other inmates, returned to the library, where then defendant Jennings informed Hibberd that he was no longer allowed to possess another inmates' name, number, or legal work.

15) Title I, Chapter 20, Section 430.30 of the Illinois Department Rules provides for legal assistance by committed persons as follows:

> "Committed persons may assist one another in the preparation of legal documents to the extent consistent with institutional security. Committed persons shall not receive compensation for such assistance."

16) On information and beleif, no rule or policy exists which contravenes the dictates of Sections 430.30 of the Department Rules or such that would place an inmate on notice that he is unilaterally prohibited from assisting inmates with legal matters.

17) Prior to the above described events, at no time has any prison official confiscated from Hibberd legal material belonging to other inmates, nor instructed him not to possess another inmate's name/number/legal material for the sole purpose of rendering assistance.

18) Following the aforestated encounter with defendant Jennings and Crary, on July 25, 2005, Hibberd was served with a disciplinary report written by Jennings who charged Hibberd with Contraband/Unauthorized Property, and Possession or Solicitation

4

of Unauthorized Personal Information, alleging the following:

> "On the above date & approx. time, during routine frisk search of I/M Hibberd B70027 as I/M entered the library this C/o found and confiscated legal material belonging to 3) other W.I.C.C. I/Ms. I/M was positively identified by I.D.O.C. I.D., & appears to be assisting other I/Ms with legal paper work. I/M Hibberd is a 2D Porter, & is not assigned as a library worker. D.C. 434 & 252 written."

19) After being served with Defendant Jennings disciplinary report, Hibberd obtained sworn statements from inmates Walter Malone, Jeffrey Estrada, Daniel Escobedo, Marvin Greer, Tyrone Powells, and Shad Hammond, to be used in support of his defense on said report and an inevitable grievance.

20) On JUly 29, 2005, Hibberd appeared before defendant Ashby and defendant Pool for an Adjustment Committee hearing. Hibberd pled innocent, cited Section 430.30 of the Department Rules, asserted that law library services were deficient, and attempted to submit the sworn statements from inmates Malone, Estrada, Escobedo, and Greer. Additionally, Hibberd attempted to submit a written decision from the Administrative Review Board that documented a similar event as Hibberd's where an inmate's disciplinary conviction was expunged where he was charged with possessing another inmate's legal documents while rendering assistance. Despite and in response to Hibberd's defense, Ashby told Hibberd that if he kept helping others that he should "do it secretly."

21) Upon Hibberd leaving the hearing, defendants Ashby and

Pool tried returning the sworn inmate statements and ARB decision. However, Hibberd refused the documents and requested the evidence to be placed in the record, to which both defendants agreed to do.

22) By Final Summary Report, defendants Ashby and Pool found Hibberd guilty of both offenses. Although it was noted that Hibberd admitted to having other inmates' legal material and doing legal work for other inmates, the defendants failed to completely document a summary of the defense and evidence presented or why the defendants disregarded the defense and evidence. The defendants sanctioned Hibberd by reducing his grade level to "C" for a month and ordered disposal of the "contraband."

23) On information and belief, none of the inmates whose legal material was confiscated from Hibberd were ever charged with any offense related to giving their legal material to Hibberd, nor issued a Shakedown Property Receipt for the confiscation of the material. Only Hibberd was charged with offenses.

24) On August 18, 2005, Hibberd filed a formal grievance per Title 20, Chapter I, Section 504.800 of the Illinois Department Rules, and attached among other documents, a copy of the sworn inmates statements identified in paragraph 19 and a copy of the ARB decision.

25) Hibberd then retained a copy of the August 18, 2005 grievance, as well as the original sworn statements.

26) On September 29, 2005, Hibberd was restored to his original "A" grade status following the aforementioned sanctions.

27) Then, on October 2, 2005, defendant Watkins searched Hibberd's assigned cell wherein he confiscated the <u>original</u> sworn inmate statements, and Dick Blick Art Paper. During the search, defendant Watkins stated that defendant Jennings wanted the inmate statements.

28) After the cell search, Hibberd informed defendant Watkins that copies of the same inmate statements were attached to the August 18th grievance that was still under review and produced a copy of the grievance. In response, Watkins told Hibberd that he did not care and could tell the Adjustment Committee.

29) On October 2, 2005, Hibberd was served a disciplinary report written by defendant Watkins, charging Hibberd with Theft and Contraband/Unauthorized Property, alleging that he "found in I/M Hibberd's property box 5 documents containing legal material from 5 other inmates; also approx. 75 thick sheets of paper stolen from the printshop.

30) On October 6, 2005, Hibberd appeared before defendants Ashby and Vincent for another Adjustment Committee Hearing. After pleading innocent, Hibberd denied that he stole the paper, and informed that the confiscated paper was 9x12 inches which the printshop did not produce. Further, Hibberd informed that the confiscated legal material were the original sworn inmate statements not considered at the July 29th Adjustment Committee Hearing and were turned over to prison officials via the August 18th

grievance pertaining to that previous hearing.

31) Rather than addressing Hibberd's defense, defendant Ashby became threatening and provocative stating that Hibberd was previously charged with doing legal work for other inmates and given "C" grade with the disposal of the legal material, and questioned Hibberd as to why he filed a grievance in the first place, why he still kept the inmates' statements, and asked what future use were the statements for.

32) Intimidated by defendant Ashby's demeanor, Hibberd refused to answer his questions and reiterated his defense. Ashby told Hibberd that he was not allowed to attach the inmate statements to his grievance because he was not allowed to possess them and that Hibberd had to discard all copies. Ashby threatened Hibberd, telling him that if he kept copies then he would again receive a disciplinary report.

33) Defendant Vincent also questioned Hibberd as to why he had the ARB decision attached to his grievance, and told Hibberd that if Ashby never considered the statements and ARB document at the previous hearing then Hibberd should have thrown the documents away.

34) On information and belief, no rule or policy exists which bars an inmate from possessing relevant documents, including sworn witness statements in support of a defense, grievance, or complaint, nor are inmates discouraged from doing so.

35) By Final Summary Repost, defendant Ashby and Vincent found Hibberd guilty of Contraband/Unauthorized Property based on the "thick paper/other inmates' paperwork" and reduced the Theft

charge to Violation of Rules for violating Rule #60 of the Inmate Orientation Manual. The defendants documented that Hibberd claimed he got the documents from Dixon (Correctional Center), and documented their Basis for Decision as:

> "I/M was positively identified by his IDOC ID card and was assigned to R2D37 where contraband was found. Inmate admits to having other inmates' documents and receiving paper from another inmate...Inmate did not produce any commissary receipt showing he purchased the paper from commissary. I/M Hibberd's written statement that contained documents pertaining to other inmates including an ARB decision from another inmate, and inmate admits in his written statement that he recieved the thick paper from other inmates. Inmate submitted DR430.30, but inmate Hibberd is not permitted to assist other inmates with legal work as this is not consistent with institutional security as he is assigned as a porter, not a legal assistant in the law library."

36) Defendants Ashby and Vincent sanctioned Hibberd by again reducing his grade level to "C" for a month and ordered the disposal of the original inmate statements and art paper.

37) The Final Summary Report by defendants Ashby and Vincent was inadequate, insufficient, and false, in that, they failed to provide an accurate summary of oral statements presented or explain why his defense was disregarded, and failed to document their reliance on evidence Hibberd was not charged with. Further, no evidence was presented showing Hibberd continued to assist inmates; Hibberd never stated that he possessed other inmates' documents; and Hibberd never stated that he obtained the sworn inmate statements from Dixon.

38) On information and beleif, based on Title 20, Chapter I,

9

Section 504.80(k)(4) and the definition of offenses provided in Table 504e of the Department Rules, and Rule #60 of the Inmate Orientation Manual, defendants Ashby and Vincent were not authorized to find Hibberd guilty of the offense of "Violation of Rules", in that, defendant Watkins never specified in his disciplinary report that Hibberd violated Rule #60 of the Inmate Orientation Manual; Rule #60 was specified in Part 504e as the Department Offense of "Trading and Trafficking" which Hibberd was never charged with; and, the elements of RUle #60 do not include the same elements of the offense of "Theft".

39) On information and beleif, none of the inmates whose signatured were on the sworn statements were ever charged with any offense related to giving the statements to Hibberd, signing the statements, or assisting Hibberd with legal paperwork, nor were they issued Shakedown Property Receipts for the confiscated material. Only HIbberd was charged with offenses

40) Hibberd has exhausted all available administrative remedies by filing two grievances, which were denied by the institutional warden, and defendant Walker.

41) On information and belief the law library services at Western Illinois Correctional Center are so insufficient and inadequate that inmates are often propelled to seek legal assistance from other inmates and staff not employed in the library. Despite grievances and complaints to defendant Zimmerman, the deficiencies are maintained, and encouraged by his staff.

42) On information and belief, inmates at numerous institutions are prohibited from assisting inmates with legal paperwork, and possessing other inmates information and/or legal documents to render assistance. Such actions conflicts with Department Rules, is known by defendant Walker, and is the policy, custom and practice.

43) The above described actions by the defendants are arbitrary, capricious, unjustified and appear to serve no legitamite penological interest except to prejudice and oppress Hibberd, by detering, impeding, interferring, and chilling Hibberd's ability to defend himself in disciplinary proceedings, to complain about those proceedings, staff misconduct, to litigate his complaints regarding the conditions of confinement, and assist inmates with legal documents.

44) As a direct result of the above described actions by the named defendants, Hibberd lives under a constant threat and fear further retaliatory acts by the defendants and their agents.

## CLAIMS FOR RELIEF

44) The Defendants, individually and officially, violated the Plaintiff's rights under the First, Eight, and Fourteenth Amendments to due process of law to be free from retaliation and unusual punishment and interference with access to the courts.

45) The Defendants, individually and officially, violated the Plaintiff's rights under the Fourteenth Amendment Due Process CLause by disciplining him without notice of charges, affording a meaningful opportunity to be heard, determining guilt without some evidence, and not documenting an adequate record of proceedings.

## CONCLUSION

For all of the foregoing reasons, plaintiff, Steven P. Hibberd prays the Court for entry of judgment in his favor in the following respects:

a)  Find the defendants liable in thier individual capacities and award compensatory and punitive damages in a total amount in excess of $100,000;

b)  Find the defendants liable in thier official capacities and enter an injunction prohibiting the enforcement of any policy that unilaterally prohibits inmates from rendering legal assistance to other inmates;

c)  Expunge all disciplinary convictions the subject of this complaint from Hibberd's record;

d)  Award Defendants the cost of this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Steven P. Hibberd
Reg. No. B70027
Taylorville Corr. Ctr.
P.O. Box 1000
Taylorville, IL 62568

Plaintiff, Pro-se

## VERIFICATION

I, Steven P. HIbberd, hereby state, pursuant to 28 U.S.C. Section 1746 that the statements and claims made herein are true and correct under the penalty of perjury.

| | |
|---|---|
| _____ | _____ |
| Executed on | Steven P. Hibberd |